UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHARLES S. BROOKS,

                    Plaintiff,

          v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                    Defendant.

CASE NO. 3:15-CV-05207-DWC

ORDER ON PLAINTIFF'S COMPLAINT

        Plaintiff, Charles S. Brooks, filed this action, pursuant to 42 U.S.C. § 405(g), seeking

judicial review of the denial of Plaintiff's applications for Supplemental Security Income ("SSI")

and Disability Insurance Benefits ("DIB"). The parties have consented to proceed before a United

States Magistrate Judge. *See* 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge

Rule MJR 13. *See also* Consent to Proceed before a United States Magistrate Judge, Dkt. 6.

        After reviewing the record, the Court concludes the Administrative Law Judge ("ALJ")

erred in evaluating the opinions of two of Plaintiff's treating therapists. Therefore, this matter

must be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further

proceedings.

1

## FACTUAL AND PROCEDURAL HISTORY

2      On September 2, 2011, Plaintiff filed applications for DIB and SSI, alleging disability as of

3    January 1, 2010. *See* Dkt. 9, Administrative Record ("AR") 71, 86. The applications were denied

4    upon initial administrative review and on reconsideration. *See* AR 85, 100, 118, 135. A hearing

5    was held before ALJ Jo Hoenninger on July 12, 2013. *See* AR 37-68. In a decision dated July 24,

6    2013, the ALJ determined Plaintiff to be not disabled. *See* AR 12-27. Plaintiff's request for review

7    of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final

8    decision of the Commissioner of Social Security ("Commissioner"). *See* AR 1-7; 20 C.F.R. §

9    404.981, § 416.1481.

10      Plaintiff argues the ALJ erred by: (1) improperly evaluating his testimony; (2) improperly

11    evaluating the medical evidence from examining physician Maria Nelson, M.D., examining

12    psychologist Scott Alvord, Psy.D., and unnamed reviewing agency consultants; (3) improperly

13    evaluating lay evidence from Jodi Oliver, ARNP, Jessica Webb, P-ARNP, Nancy Pascua, ARNP,

14    Ryan Lehotay, MA, LMHC, and Misty Holley; (4) failing to find he equaled Listing 12.04B or

15    12.04C; and (5) improperly assessing his residual functional capacity ("RFC") and basing the step

16    five finding on an incomplete RFC. Dkt. 16, p. 1. Plaintiff also claims new evidence submitted to

17    the Appeals Council supports reversal of the decision. Dkt. 16, p. 2.

18

## STANDARD OF REVIEW

19      Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social

20    security benefits if the ALJ's findings are based on legal error or not supported by substantial

21    evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005)

22    (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). "Substantial evidence" is more than a

23    scintilla, less than a preponderance, and is such "'relevant evidence as a reasonable mind might

24

1  accept as adequate to support a conclusion.'" *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir.

2  1989) (*quoting Davis v. Heckler*, 868 F.2d 323, 325-26 (9th Cir. 1989)).

3  **<u>DISCUSSION</u>**

4    I.   <u>Whether the ALJ Properly Evaluated the Lay Opinion Evidence.</u>

5   **A.   Standard**

6    Lay testimony regarding a claimant's symptoms "is competent evidence that an ALJ must

7  take into account," unless the ALJ "expressly determines to disregard such testimony and gives

8  reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001);

9  *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010). In rejecting lay testimony, the

10 ALJ need not cite the specific record as long as "arguably germane reasons" for dismissing the

11 testimony are noted, even if the ALJ does "not clearly link his determination to those reasons," and

12 substantial evidence supports the ALJ's decision. *Lewis*, 236 F.3d at 512.

13   As a threshold matter, Plaintiff argues the opinions of the nurse practitioners and therapists

14 in the records are entitled to more deference than other lay witnesses; thus, the ALJ was required to

15 offer at least specific and legitimate reasons to discount their opinions. Dkt. 16, p. 9. Nurse

16 practitioners and therapists, however, are considered "other sources" under 20 C.F.R. §§

17 404.1513(d)(1),(3), rather than "acceptable medical sources." Thus, the ALJ only needed to

18 provide arguably germane reasons to reject their testimony. *Turner*, 613 F.3d at 1224; *Lewis,* 236

19 F.3d at  511. Nonetheless, "other" medical sources are able to provide evidence about "the severity

20 of [Plaintiff's] impairment(s) and how it affects [Plaintiff's] ability to work."20 C.F.R. §

21 404.1513(d). *See also Garrison v. Colvin*, 759 F.3d 995, 1023 (9th Cir. 2014). In fact, Social

22 Security Rulings indicate other medical source opinions can outweigh the opinions of acceptable

23

24

1   medical sources in some cases. *See* Social Security Ruling ("SSR") 06-03P, *available at* 2006 WL

2   2329939.

3       **B.  Application of Standard**

4           *1.  Jessica Webb, P-ARNP*

5           Ms. Webb completed a depressive disorder and anxiety disorder check box questionnaire

6   on August 15, 2012. AR 421-27.  She assessed marked restrictions in activities of daily living, and

7   concentration, persistence, or pace, extreme limitations in social functioning, and extreme episodes

8   of deterioration or decompensation. AR 423. Ms. Webb noted she had treated Plaintiff for over six

9   months and his depression and anxiety had not improved despite medication compliance. AR 424.

10  She also stated Plaintiff is "often suicidal and verbal about this." AR 424.

11          The ALJ gave little weight to her opinions as "they are not accompanied by any narrative

12  explanation or support, and are inconsistent with records that document relatively unremarkable

13  mental status findings and improvement with treatment discussed below." AR 16. Additionally, the

14  ALJ noted Ms. Webb is not a recognized medical source under the social security guidelines. AR

15  16.

16          An ALJ may "permissibly reject[ ] ... check-off reports that [do] not contain any

17  explanation of the bases of their conclusions." *Molina v. Astrue*, 674 F.3d 1104, 1111-12 (9th Cir.

18  2012) (*quoting Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir.1996)). However, while Ms. Webb did

19  not provide a supporting explanation *within* her opinion, the record also contains forty-four pages

20  of Ms. Webb's treatment notes.  AR 544-588.  The ALJ's failure to consider these treatment notes

21  as support for Ms. Webb's opinion was error. *See Garrison*, 759 F.3d at 1013-14 & n.17 (holding

22  the ALJ erred by rejecting a treating nurse practitioner's check-box opinion as unsupported, when

23  the record contained the nurse practitioner's treatment notes, and the treatment notes provided

24

1  support for her opinion). Further, the ALJ's other reasons for discounting Ms. Webb's opinion

2  were not germane reasons supported by substantial evidence. Contrary to the ALJ's assertion, Ms.

3  Webb is a "recognized" medical source under Social Security regulations. 20 C.F.R. §

4  404.1513(d)(1). *See also* SSR 06-03P, *available at* 2006 WL 2329939 ("The term 'medical

5  sources' refers to both 'acceptable medical sources' and other health care providers . . . .") The fact

6  Ms. Webb, a health care provider, is not an "acceptable medical source" does not alter her status as

7  a "medical source", nor does it prevent her from providing evidence on the severity of Plaintiff's

8  impairments or their affect on Plaintiff's ability to work. *See* 20 C.F.R. § 404.1513(d)(1). The ALJ

9  also indicated he was rejecting Ms. Webb's opinion because it was inconsistent with other medical

10  records, which reflect unremarkable mental status examinations and improvements with treatment.

11  *See* AR 16. However, the ALJ does not identify what records are actually inconsistent with Ms.

12  Webb's opinion, other than a general reference to records "as discussed below." AR 16. Further,

13  the ALJ does not explain how Ms. Webb's opinions concerning Plaintiff's social limitations are

14  inconsistent with "relatively unremarkable mental status examinations." AR 16. *See Garrison*, 759

15  F.3d at 1023 (noting the ALJ "manufactured a conflict" between a nurse practitioner's opinion and

16  other medical records "by identifying two or three reports of improvement in [Plaintiff's] mental

17  health and asserting, without reference to any other treatment records or any other explanation, that

18  [the nurse practitioner's] considered conclusions about [the claimant's] overall prognosis merited

19  little weight.").

20         As the ALJ failed to provide germane reasons, supported by substantial evidence, for

21  rejecting Ms. Webb's opinion, the ALJ erred. Further, as Ms. Webb opined to more severe

22  limitations than those contained in the ALJ's Step Three assessment and in the ALJ's RFC finding,

23  the Court cannot say the ALJ's rejection of Ms. Webb's opinion was "inconsequential to the

24

ultimate nondisability determination." *See Molina*, 674 F.3d at 1115-17. Thus, the ALJ's failure to provide germane reasons, supported by substantial evidence, for rejecting Ms. Webb's opinion was harmful error requiring remand.

### 2.   Ryan Lehotay, MA, LMHC

Mr. Lehotay completed a depression and anxiety questionnaire and medical source statement concerning Plaintiff's ability to perform work-related activities. AR 433-37. Mr. Lehotay noted depressive symptoms of anhedonia, appetite and sleep disturbance, guilt and worthlessness, difficulty concentrating and thinking, and suicidal thoughts. AR 433. He also reported Plaintiff showed mania, hyperactivity pressured speech, flight of ideas, and inflated self-esteem. AR 433. Mr. Lehotay said Plaintiff suffered from panic attacks, irrational fear, and generalized anxiety symptoms. AR 434.   He rated moderate impairment in Plaintiff's ability to understand, remember, and carry out short, simple instructions, and make judgments on simple work related decisions. AR 436. Plaintiff had marked limitations in his ability to understand, remember, and carry out detailed instructions, interact appropriately with the public, supervisors, and co-workers, and respond appropriately to pressures and changes in a usual work setting. AR 436-37. Mr. Lehotay stated that observations made during sessions and interactions with clinical staff indicate emotional lability and unstable affect, irritability, and significant impairment in remembering and carrying out instructions. AR 437. He also opined Plaintiff would have periods of decompensation. AR 437.

The ALJ rejected this opinion for reasons similar to, though distinct from, those discussed above. The ALJ rejected Mr. Lehotay's opinion because "he failed to provide any explanation or justification for the limitations, which are not consistent with the longitudinal record [AR 433-35]. Moreover, [Mr. Lehotay is not a] recognized medical source[] under social security guidelines." AR 16. Later in the written decision, the ALJ also concludes Mr. Lehotay's "records indicate that

1   he assessed improvement in the claimant's condition, and fail to document any significant mental

2   status findings or observations that would support the extent of the limitations assessed. In

3   addition, the claimant's activities support greater functioning." AR 23.

4        As with Ms. Webb, Mr. Lehotay's status as an "other" medical source is not, by itself, a

5   germane reason to discount his opinion. 20 C.F.R. § 404.1513(d)(1). Also, as with Ms. Webb, Mr.

6   Lehotay's twenty-three pages of treatment notes provide support for his opined limitations. AR

7   470-493. *See Garrison,* 759 F.3d at 1013-14 & n.17. As for the additional reasons the ALJ cites to

8   discount Mr. Lehotay's opinion, they are not supported by substantial evidence. For example,

9   contrary to the ALJ's analysis of Mr. Lehotay's records, Mr. Lehotay documented longitudinal

10  *regression* in Plaintiff's condition, punctuated by sporadic, yet temporary, improvements. AR 470-

11  493.  Finally, the ALJ failed to identify which of Plaintiff's activities of daily living actually

12  conflict with Mr. Lehotay's opinion, and otherwise failed to explain how any of Plaintiff's

13  activities support greater functioning than Mr. Lehotay indicated.  *See Burrell v. Colvin,* 775 F.3d

14  1133, 1138 (9th Cir. 2014) . AR 436-37, 470-86.  As with Ms. Webb, the ALJ's failure to provide

15  germane reasons, supported by substantial evidence, for rejecting Mr. Lehotay's opinion was

16  harmful error.

17        II.    Whether the ALJ Provided Specific, Clear and Convincing Reasons, Supported by
              Substantial Evidence, for Finding Plaintiff Not Fully Credible.

18

19        **A. Standard**

20        If an ALJ finds a claimant has a medically determinable impairment which reasonably

21  could be expected to cause the claimant's symptoms, and there is no evidence of malingering, the

22  ALJ may reject the claimant's testimony only "by offering specific, clear and convincing reasons."

23  *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (*citing Dodrill v. Shalala*, 12 F.3d 915, 918

24  (9th Cir.1993)). *See also Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). However, sole

1  responsibility for resolving conflicting testimony and questions of credibility lies with the ALJ.

2  *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1999) (*citing Waters v. Gardner*, 452 F.2d 855,

3  858 n.7 (9th Cir. 1971); *Calhoun v. Bailar*, 626 F.2d 145, 150 (9th Cir. 1980)). Where more than

4  one rational interpretation concerning a plaintiff's credibility can be drawn from substantial

5  evidence in the record, a district court may not second-guess the ALJ's credibility determinations.

6  *Fair v. Bowen,* 885 F.2d 597, 604 (9th Cir. 1989). *See also Thomas v. Barnhart*, 278 F.3d 947, 954

7  (9th Cir. 2002) ("Where the evidence is susceptible to more than one rational interpretation, one of

8  which supports the ALJ's decision, the ALJ's conclusion must be upheld."). In addition, the Court

9  may not reverse a credibility determination where that determination is based on contradictory or

10  ambiguous evidence. *See Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). That some of the

11  reasons for discrediting a claimant's testimony should properly be discounted does not render the

12  ALJ's determination invalid, as long as that determination is supported by substantial evidence.

13  *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).

14              **B.  Application of Standard**

15          Plaintiff testified that he experiences extreme anxiety. AR 49.  He does not want to leave

16  his house or be seen by anybody. AR 55.  He has difficulty with memory, concentration, and poor

17  judgment. AR 56-57. He estimated he can sit or stand for no more than 30 minutes. AR 57. He

18  experiences pain in his right wrist, elbow, and shoulder so severe, if he used a screw driver for a

19  short period of time his "wrist would be shot to the point where [he] can't open a water bottle for a

20  few days." AR 57. If he writes more than a paragraph his fingers go numb and his wrist hurts. AR

21  58. Also, he has right shoulder pain often requiring him to rest his right arm in crook of other arm.

22  AR 57-58.

23

24

1    Plaintiff argues the ALJ failed to offer clear and convincing reasons, supported by

2    substantial evidence, for discounting his testimony. But, the ALJ cited Plaintiff's conservative

3    treatment history for his neck, shoulder and hand impairments, as well as inconsistencies between

4    Plaintiff's testimony and the medical records. AR 18 326-28, 364-71, 399-400. The ALJ also noted

5    Plaintiff's ongoing work activity and work attempts, as well as medical records indicating

6    Plaintiff's medication regimen for his mental health impairments would not impact his ability to

7    work as a truck driver, were inconsistent with Plaintiff's alleged inability to work. AR 21, 113,

8    227-28, 333, 365, 375-76. These were clear and convincing reasons, supported by substantial

9    evidence, for discounting Plaintiff's testimony. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533

10   F.3d 1155, 1161 (9th Cir. 2008) (*citing Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995));

11   *Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007); *Molina v. Astrue*, 674 F.3d at 1113; *Bray v.*

12   *Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 1995).

13   However, an evaluation of a claimant's credibility relies, in part, on an accurate assessment

14   of the medical evidence. *See* 20 C.F.R. §§ 404.1529(c), 416.929(c). As discussed in Section I,

15   above, the ALJ erred in evaluating the opinion evidence from Plaintiff's treating therapists,

16   requiring remand. As this case must be remanded for further proceedings in any event, the ALJ

17   should also reevaluate Plaintiff's credibility anew on remand.

18   III.    Whether the ALJ erred in concluding Plaintiff did not meet a Listing.

19   Plaintiff asserts the ALJ erred in finding he did not meet or equal Listings 12.04B or

20   12.04C. Dkt. 16, p. 1.  At Step Three of the disability analysis, the ALJ must determine whether

21   any of the claimant's impairments meet or medically equal an impairment listed under 20 C.F.R.

22   Part 404, Subpart P, Appendix 1.  20 C.F.R. § 416.920(4)(iii). "If a claimant has an impairment or

23   combination of impairments that meets or equals a condition outlined in the 'Listing of

24

1  Impairments,' then the claimant is presumed disabled at step three." *Lewis*, 236 F.3d at 512. The

2  claimant bears the burden of proving that his impairment meets a Listing. *See Tackett v. Apfel*, 180

3  F.3d 1094, 1098 (9th Cir. 1999).

4      Listing 12.04 requires a finding that the claimant either satisfies: (1) the "paragraph B

5  criteria" for mental impairments of two marked limitations in activities of daily living, social

6  functioning, or concentration, persistence and pace, or one marked limitation and repeated episodes

7  of decompensation, or; (2) the "paragraph C" requirement of repeated episodes of decompensation

8  of extended duration, a residual disease process that has resulted in such marginal adjustment such

9  that minimal increase in mental demands or changes is the environment would cause

10  decompensation, or an inability to function outside of home or highly supportive living

11  environment. *See* 20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.04C. *See* 20 C.F.R. Part 404,

12  Subpart P, Appendix 1, § 12.04B.

13      The ALJ found Plaintiff mildly impaired in his activities of daily living, and moderately

14  impaired in social functioning, concentration, persistence, or pace. AR 15-16. As a result, the ALJ

15  concluded plaintiff did not meet the requirements of paragraph B. AR 16. Additionally, the ALJ

16  determined Plaintiff did not present evidence of decompensation necessary to satisfy paragraph C.

17  However, these findings are inconsistent with the conclusions of Ms. Webb and Mr. Lehotay, who

18  opined to marked and extreme limitations in all of the paragraph B criteria. As the ALJ failed to

19  offer germane reasons for discounting Ms. Webb and Mr. Lehotay's opinions, the ALJ's findings

20  at Step Three of the sequential evaluation are not supported by substantial evidence. *See, e.g.*,

21  *Buchholz v. Barnhart*, 56 Fed.Appx. 773, 775 (9th Cir. 2003). Thus, on remand, the ALJ will be

22  required to reevaluate the medical evidence and determine whether Plaintiff meets or exceeds the

23  criteria for Listings 12.04B or 12.04C. *See id.*

24

1    IV.    Other Assignments of Error.

2        In addition to the foregoing, Plaintiff contends the ALJ erred by failing to properly assess

3    Plaintiff's RFC, and by failing to properly evaluate Plaintiff's ability to perform other jobs existing

4    in substantial numbers in the national economy at Step Five of the sequential evaluation process.

5        As discussed above, the ALJ erred by failing to properly evaluate the opinions of Ms.

6    Webb and Mr. Lehotay. An ALJ's failure to properly evaluate all of the medical opinion evidence

7    may result in a flawed RFC finding. *See* SSR 96-8-p, 1996 WL 374184 at *2. Thus, the ALJ will

8    necessarily have to re-evaluate Plaintiff's RFC on remand, and proceed on to Steps Four and Five,

9    as appropriate.

10    V.    Whether the New Evidence Submitted to the Appeals Council Supports Reversal of
          the ALJ's Decision

11

12        Plaintiff argues the Court should review additional psychological evidence submitted to the

13    Appeals Council. Dkt. 16, p. 25.  The additional evidence consisted of a psychological evaluation

14    performed by David Morgan, Ph.D., on October 30, 2013. Dkt. 16, Exh.1.  The Appeals Council

15    reviewed the new submission, but elected not to consider the evidence or include it in the

16    Administrative Record:

17        We also looked at a psychological/psychiatric evaluation dated October 30, 2013,
         completed by David T. Morgan, PhD. The Administrative Law Judge decided your
18        case through July 24, 2013. This new information is about a later time. Therefore it
         does not affect the decision about whether you were disabled beginning on or
19        before July 24, 2013.

20    AR 2. Plaintiff contends the Appeals Council's failure to include this information in the

21    Administrative Record violated the Social Security Act, Social Security Regulations, precedent

22    from *Brewes v. Comm'r of SSA*, 682 F.3d 1157 (9th Cir. 2012) and *Taylor v. Comm'r of Soc. Sec.*

23    *Admin.*, 659 F.3d 1228, 1231 (9th Cir. 2011), and procedures in HALLEX I-4-1-54. Plaintiff

24    requests the Court determine the evidence relates back to the relevant time period and was

1   erroneously excluded by the Appeals Council. Plaintiff also contends the additional evidence

2   shows the ALJ decision was not based on substantial evidence and reversal is required. Dkt. 16, p.

3   25-27.

4          Sentence Six of 42 U.S.C. § 405(g) authorizes a reviewing court to remand a case to the

5   Commissioner "upon a showing that there is new evidence which is material and that there is good

6   cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C.

7   § 405(g); *See Melkonyan v. Sullivan*, 111 S.Ct. 2157, 2164, 501 U.S. 89 (1991).[1] In light of the fact

8   the case is being remanded on other grounds, the Court need not decide whether Sentence Six

9   applies, nor whether Plaintiff has demonstrated the necessary requirements for a remand under

10  Sentence Six. However, the Court has reviewed Dr. Morgan's report, and has concluded it

11  constitutes new and material evidence which relates to the period at issue. *See*  20 C.F.R. §§

12  404.970(b),  416.1470(b). *See also Taylor*, 659 F.3d at 1233. Therefore, on remand, the

13  Commissioner is directed to reevaluate Dr. Morgan's report.

14         VI.    <u>Whether the Case Should be Remanded for an Award of Benefits or Further
               Proceedings.</u>

15

16         Plaintiff conclusorily argues the case should be reversed and remanded for the award of

17  benefits, rather than for further proceedings.

18  _____

19      [1] Neither party raised the Sentence Six issue. After determining the case potentially
    presented a Sentence Six issue, the undersigned ordered supplemental briefing on the following

20  two questions:
        • Whether Sentence Six of 42 U.S.C. § 405(g) applies to the evidence (Dr.

21          Morgan's opinion) submitted to the Appeals Council, but not included in the
            administrative record; and

22      • If so, whether Dr. Morgan's opinion is new evidence which is material, and
            whether good cause exists for failing to incorporate the opinion into the record

23          during a prior proceeding.
    Dkt. 24.

24

1    Generally, when the Social Security Administration does not determine a claimant's

2    application properly, "the proper course, except in rare circumstances, is to remand to the agency

3    for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir.

4    2004) (citations omitted). However, the Ninth Circuit has established a "test for determining

5    when [improperly rejected] evidence should be credited and an immediate award of benefits

6    directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (*quoting Smolen*, 80 F.3d at

7    1292. This test, often referred to as the "credit-as-true" rule, allows a court to direct an

8    immediate award of benefits when:

9        (1) the ALJ has failed to provide legally sufficient reasons for rejecting such
         evidence, (2) there are no outstanding issues that must be resolved before a
10       determination of disability can be made, and (3) it is clear from the record that the
         ALJ would be required to find the claimant disabled were such evidence credited.

11

12   *Harman,* 211 F.3d at 1178 (*quoting Smolen*, 80 F.3d at 1292). *See also Treichler v.*

13   *Commissioner of Social Sec. Admin.*, 775 F.3d 1090, 1100 (9th Cir. 2014), *Varney v. Sec'y of*

14   *Health & Human Servs.*, 859 F.2d 1396 (9th Cir. 1988). Further, even if the ALJ has made the

15   three errors under *Harman* and *Smolen*, such errors are relevant only to the extent they impact

16   the underlying question of Plaintiff's disability. *Strauss v. Commissioner of the Social Sec.*

17   *Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011). "A claimant is not entitled to benefits under the

18   statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may

19   be." *Id.* (citing *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 357 (7th Cir. 2005)). Therefore,

20   even if the credit-as-true conditions are satisfied, a court should nonetheless remand the case if

21   "an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled."

22   *Garrison*, 759 F.3d at 1021 (*citing Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2004)).

23       Here, outstanding issues must be resolved. The record contains conflicting evidence

24   concerning the degree and significance of Plaintiff's physical and mental impairments, as well as

1    outstanding questions concerning Plaintiff's credibility. Further, the limitations opined to by Ms.

2    Webb and Mr. Lehotay conflict with the more restrictive opinions rendered by several state

3    agency medical consultants. *See* AR 21, 71-100, 103-136, 393-94, 397-401, 483, 545. *See*

4    Section I, *supra*. Thus, there is insufficient evidence in the record to establish Plaintiff could be

5    found disabled as a matter of law. *See Harman*, 211 F.3d at 1180. *See also Treichler*, 775 F.3d at

6    1105-06. Therefore, the case should be remanded for additional proceedings.

7                                               <u>CONCLUSION</u>

8           Based on the foregoing reasons, the Court hereby finds the ALJ erred by failing to properly

9    evaluate the other medical source opinions of Ms. Webb and Mr. Lehotay. Therefore, the Court

10   orders this matter be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). On

11   remand, the ALJ should reevaluate all of the medical opinion evidence and other medical source

12   evidence, reevaluate Plaintiff's credibility, consider whether Plaintiff meets or exceeds the criteria

13   of a Listing at Step Three of the sequential evaluation, and proceed on to Step Four and/or Step

14   Five of the sequential evaluation as appropriate. In addition, the Commissioner should reevaluate

15   the newly-obtained opinion from David Morgan, Ph.D. (Dkt. 16, Exh. 1) to determine whether it

16   should be considered by the ALJ on remand, The ALJ should also develop the record as needed.

17   Judgment should be for Plaintiff and the case should be closed.

18          Dated this 31st day of March, 2016.

19

20                                                    David W. Christel
                                                      United States Magistrate Judge
21

22

23

24

ORDER ON PLAINTIFF'S COMPLAINT -
14