UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHARLES S. BROOKS,

    Plaintiff,

  v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

CASE NO. 3:15-CV-05207-DWC

ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND EXPENSES PURSUANT TO 28 U.S.C. § 2412

Plaintiff Charles S. Brooks filed a Motion for Attorney's Fees and Expenses Pursuant to 28 U.S.C. § 2412, seeking $10,465.88 in attorney's fees, paralegal expenses, and other expenses pursuant to the Equal Access to Justice Act ("EAJA"). Dkt. 30. Defendant argues Plaintiff's attorney's fees should be reduced to $6,500.00, as Plaintiff's requested fees are excessive and unreasonable, and Plaintiff achieved limited success in the case. Dkt. 31.

The Court concludes Plaintiff achieved a fully favorable result in the underlying litigation. However, Plaintiff's proposed fees are unreasonable, as the hours Plaintiff's attorneys billed on this case were excessive. Accordingly, Plaintiff's motion is granted in part.

ORDER ON PLAINTIFF'S MOTION FOR
ATTORNEY'S FEES AND EXPENSES
PURSUANT TO 28 U.S.C. § 2412 - 1

## BACKGROUND AND PROCEDURAL HISTORY

On March 31, 2015, the Court found the ALJ erred by failing to properly discount the opinions of two other medical sources, Jessica Webb, P-ARNP, and Ryan Lehotay, MA, LMHC. Dkt. 27, *at* pp. 3-7. The Court reversed the ALJ's decision and remanded the case to the Social Security Administration ("Administration") for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). *Id.*

On June 30, 2016, Plaintiff filed this Motion. Dkt. 30. Defendant filed a Response (Dkt. 31), and on July 15, 2016, Plaintiff filed a Reply. Dkt. 32.

## DISCUSSION

In any action brought by or against the United States, the EAJA states "a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). According to the United States Supreme Court, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The government has the burden of proving its positions overall were substantially justified. *Hardisty v. Astrue*, 592 F.3d 1072, 1076 n.2 (9th Cir. 2010) (*citing Flores v. Shalala*, 49 F.3d 562, 569-70 (9th Cir. 1995)). Further, if the government disputes the reasonableness of the fee, it also "has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992) (citations omitted). The Court has an independent duty to review the submitted

ORDER ON PLAINTIFF'S MOTION FOR
ATTORNEY'S FEES AND EXPENSES
PURSUANT TO 28 U.S.C. § 2412 - 2

itemized log of hours to determine the reasonableness of hours requested in each case. *See Hensley*, 461 U.S. at 433, 436-37.

Once the Court determines a plaintiff is entitled to a reasonable fee, "the amount of the fee, of course, must be determined on the facts of each case." *Hensley*, 461 U.S. at 429, 433, n.7. "[T]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," which encompasses the lodestar method. *Id.* at 433, 435.

Here, Defendant does not argue the position of the government was substantially justified. Instead, Defendant argues Plaintiff's proposed fee award should be reduced by approximately one-third because: 1) Plaintiff obtained limited success on appeal; and 2) the hours Plaintiff's attorneys spent prosecuting his case were excessive and unreasonable.

1. *Limited Success on Appeal*

Defendant argues Plaintiff should receive no more than $6,500.00 in attorney's fees and expenses because Plaintiff had limited success on appeal. Dkt. 31, pp. 6-8. Specifically, Defendant contends the Court found the ALJ erred on only one of the issues Plaintiff raised in his Opening Brief, and Plaintiff only obtained a remand for further proceedings, rather than a remand for the immediate calculation of benefits. *Id.* The Court disagrees.

First, when a case involves a "common core of facts or will be based on related legal theories . . . the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *See Hensley*, 461 U.S. at 435. Where a plaintiff "has obtained excellent results, his attorney should recover a fully compensatory fee." *Id.*

Plaintiff raised several assignments of error as part of this claim: the ALJ's evaluation of Plaintiff's testimony; the ALJ's evaluation of the medical opinion evidence; the ALJ's evaluation of the other medical source opinion evidence; the ALJ's finding Plaintiff did not meet the requirements of a listing; the ALJ's determination Plaintiff could perform work existing in significant numbers in the national economy; and the Administration's determination that medical evidence submitted for the first time to the Appeals Council did not relate to the period at issue in this case. The Court found the ALJ erred by failing to properly consider the opinions of Ms. Webb and Mr. Lehotay, two other medical sources. Though the Court found the ALJ's analysis of Plaintiff's testimony was supported by substantial evidence,[1] and otherwise declined to address Plaintiff's remaining arguments, the Court reviews only the "issues that led to remand" in determining if an award of fees is appropriate. *See Toebler*, 749 F.3d at 834. "Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters." *See Hensley*, 461 U.S. at 435. Here, Plaintiff prevailed on his claim that the ALJ's denial of his social security application was legally erroneous and not based on substantial evidence in the record as a whole. Under *Hensley*, this degree of success is properly considered an "excellent result." *See Hensley*, 461 U.S. at 435.

Second, though Plaintiff requested a remand for the immediate calculation of benefits, Plaintiff also requested a remand for further proceedings as an alternative remedy. Notably, remands for the immediate calculation and payment of benefits are uncommon in social security

---

[1] Even though the Court found the ALJ's analysis of Plaintiff's testimony was supported by substantial evidence, the Court also observed an evaluation of a claimant's testimony depends, in part, on an analysis of the objective medical evidence. *See* 20 C.F.R. §§ 404.1529(c), 416.929(c). Thus, the Court noted the ALJ's errors in evaluating the opinions of Mr. Lehotay and Ms. Webb warranted the ALJ re-evaluating Plaintiff's testimony on remand.

appeals in this Court, as compared to remands for further administrative proceedings. *Cf. Treichler v. Commissioner of Soc. Sec. Admin.*, 775 F.3d 1090, 1100-02 (9th Cir. 2014) (discussing the "ordinary remand" rule). Plaintiff demonstrated the ALJ erred, and obtained a remand for further proceedings to correct the error. Despite the fact Plaintiff did not obtain the extraordinary remedy of a remand for the immediate calculation and payment of benefits, the relief Plaintiff received is an "excellent result[]," one which weighs in favor of a fully compensatory fee for Plaintiff's attorney. *See Hensley*, 461 U.S. at 435.

Plaintiff was successful on appeal and received the requested relief, reversal and remand of the ALJ's decision. Plaintiff is entitled to reasonable attorney's fees, and the EAJA award should not be reduced simply because the Court did not make findings in Plaintiff's favor as to each issue raised on appeal.

2. *Unreasonable and Excessive Hours Billed*

Defendant also argues the number of hours Plaintiff's attorneys expended in the prosecution of his case were unreasonable and excessive.[2] Specifically, Defendant argues the procedural posture, issues of fact, and issues of law presented in this case were routine, and the amount of time expended by Plaintiff's attorneys was far in excess of the average fee awards in similar cases. Dkt. 31, p.4-6. *See Hensley*, 461 U.S. at 429-30, n.3; *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). The Court agrees in part.

---

[2] Defendant does not challenge Plaintiff's proposed hourly rate of $190.28. The Court has considered this hourly rate and finds it to be consistent with the EAJA and the Ninth Circuit's cost of living adjustment. *See* Statutory Maximum Rates Under the Equal Access to Justice Act, *available at* http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited July 25, 2016). Further, though Defendant challenges the overall fee award, Defendant does not argue Plaintiff's request for $330.00 in paralegal fees and $12.98 in expenses is unreasonable.

Assessing whether an attorney has spent a reasonable amount of time on a case "will always depend on case-specific factors including, among others, the complexity of the legal issues, the procedural history, the size of the record, and when counsel was retained." *Costa*, 690 F.3d at 1136. While a court may not adopt *de facto* policy of restricting EAJA awards in social security cases to forty hours or less, courts may consider EAJA awards in other cases as one of many factors in evaluating the reasonableness of a fee request, provided they explain why the amount of time requested for a particular task is too high. *Id.* [3]

As a threshold matter, the Court ordered supplemental briefing in this case to address whether additional evidence submitted to, but not considered by, the Appeals Council, warranted remand under Sentence Six of 42 U.S.C. § 405(g).[4] Dkt. 24. Plaintiff's attorneys spent 10.7 hours reviewing the order directing the parties to prepare supplemental briefs, researching the legal question presented by the Court, and drafting, editing, and filing Plaintiff's supplemental brief. Dkt. 30, Exh. 3, p. 2. Because the vast majority of social security appeals decided by this Court do not require the additional time and expense of supplemental briefs, the Court is mindful that the overall fee awards in other cases are not ideally suited for comparison.

---

[3] Relevant factors which may be considered are identified in *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714 (5th Cir. 1974), as: (1) The time and labor involved; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent: (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10); the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19 (citations omitted); *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) (adopting *Johnson* factors).

[4] Neither Plaintiff nor the Commissioner addressed the Sentence Six implications presented by this evidence in their opening, responsive, and reply briefing, even though the evidence at issue was a medical opinion post-dating the ALJ's decision, which the Appeals Council found did not relate back to the period at issue and thus did not include in the administrative record.

Nonetheless, the majority of issues raised by Plaintiff *in his opening brief*—such as alleged errors in the ALJ's evaluation of the medical opinion evidence, and alleged errors in the ALJ's evaluation of Plaintiff's testimony—are issues routinely encountered in social security disability cases and should require less time for an experienced attorney to effectively research and litigate. The 604 page administrative record in this case, moreover, is not unusually large. Indeed, it may very well be on the smaller end of the range in social security appeals. *See, e.g.*, *Fisher v. Colvin*, Case No. 2:15-CV-716-DWC (W.D. Wash.) (transcript of 1,434 pages, 7 hours to review and draft opening brief); *Justice v. Colvin*, Case No. 3:14-CV-6001-DWC (W.D. Wash.) (20.5 hours for reviewing and drafting opening brief); *Givens v. Colvin*, Case No. 3:15-CV-5199-DWC (W.D. Wash.) (transcript of 920 pages, 26.9 hours to prepare an opening brief); *Spencer v. Colvin*, Case No. 2:15-CV-20-JRC (W.D. Wash.) (transcript of 983 pages, fee petition requested 15.7 hours for file review and drafting opening brief). Though "social security disability cases are often highly fact-intensive and require careful review of the administrative record," the issues presented in Plaintiff's opening brief were not so extraordinary as to justify one of the highest proposed fee awards the Court has seen. *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1134, n. 1 (9th Cir. 2012).

Further, the amount of time Plaintiff's attorneys expended on his opening brief appreciably exceeds the amount of time expended on most opening briefs for social security appeals in this District. For example, in a recent decision of this Court, the Court discussed nineteen EAJA fee awards in social security cases. *See Stearns v. Colvin*, 226 Soc.Sec.Rep.Serv. 7, at \*6 (W.D. Wash., Feb. 24, 2016) (collecting cases). Attorneys for the claimants in those cases billed, on average, 16.84 hours for a review of the file and completion of the opening brief, within a range of 7.6 hours to 25.4 hours. *Id.* Here, by contrast, Plaintiff's attorneys billed 32.4

hours alone for the file review and opening brief. Not only is this amount approximately twice the average time spent on the opening briefs discussed in *Stearns*, it is higher than the *total* amount billed in many social security cases. *See Stearns v. Colvin*, 226 Soc.Sec.Rep.Serv. 7, at *6. *See also, e.g.*, *Ladwig v. Colvin*, 2:15-cv-774, Dkt. 19 (13.8 hours); *Huerta v. Colvin*, 2:15-cv-1114, Dkt. 18 (23.10 hours), *Kassa v. Colvin*, 2:15-cv-513, Dkt. 27 (27.05 hours); *Amirkhanov v. Colvin*, 2:15-cv-1541, Dkt. 27 (30.4 hours); *Justice v. Colvin*, 3:14-cv-6001, Dkt. 25 (32.2 hours).

Because the issues raised in Plaintiff's opening brief were neither novel nor unusually complex, and because the 32.4 hours expended by Plaintiff's attorneys in drafting the opening brief were far in excess of opening briefs in other, similarly situated cases, the Court concludes a reasonable amount of time for Plaintiff's opening brief should have been no more than 22 hours. This represents a -10.4 hour adjustment to the time billed by Plaintiff's attorneys on the opening brief.

The Court notes Plaintiff's attorneys' have implicitly conceded the hours billed on the case were excessive, and have already included a -5.6 hour downward adjustment on their billing statement. *See* Dkt. 30, Exh. 3, p. 2. In light of this voluntary fee reduction, the Court need only impose an additional adjustment of -4.8 hours to achieve the requisite -10.4 hour reduction. Thus, based on the facts of this case, and taking into account the additional time Plaintiff's attorneys expended on preparing a reply brief and supplemental briefing, the Court concludes a total of 45.9 hours for attorney time is reasonable. Further, Plaintiff's request for an additional 2.5 hours of attorney's fees in defense of the fee petition is reasonable, and should be added to the award, for a total of 48.4 hours. *See Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 157 (1990) (fees for time and expenses incurred in applying for fees were covered in EAJA cases).

**CONCLUSION**

For the foregoing reasons, and based on the Equal Access to Justice Act, 28 U.S.C. § 2412, ("EAJA"), Plaintiff's Motion (Dkt. 30), the first and second declarations of Eitan Kassel Yanich (Dkt. 30, Exh. 2; Dkt. 32, Exh. 1), attorney time and expense itemizations (Dkt. 30, Exh. 3), Plaintiff's declaration of net worth and assignment of an EAJA fee award (Dkt. 29), and the relevant record, the Court orders EAJA attorney's fees of $9,209.55, paralegal fees of $330.00, and expenses of $12.98, for a total of $9,552.53, be awarded to Plaintiff pursuant to EAJA and consistent with *Astrue v. Ratliff*, 130 S.Ct. 2521, 2524 (2010) ("EAJA Award").

The Acting Commissioner agrees to contact the Department of Treasury after this Order is entered to determine if the EAJA Award is subject to any offset. If the U.S. Department of the Treasury verifies to the Office of General Counsel that Plaintiff does not owe a debt, the government will honor Plaintiff's assignment of EAJA Award and pay the EAJA Award directly to the Law Office of Eitan Kassel Yanich, PLLC. If there is an offset, any remainder shall be made payable to Plaintiff, based on the Department of the Treasury's Offset Program and standard practices, and the check shall be mailed to Plaintiff's counsel, Eitan Yanich, at the Law Office of Eitan Kassel Yanich, PLLC, 203 Fourth Ave. E., Ste. 321, Olympia, WA 98501.

Dated this 28th day of July, 2016.

David W. Christel
United States Magistrate Judge

ORDER ON PLAINTIFF'S MOTION FOR
ATTORNEY'S FEES AND EXPENSES
PURSUANT TO 28 U.S.C. § 2412 - 9